[Civ. No. 4009. Third Appellate District.—February 3, 1931.]

.W. W. SHARP, Respondent, v. OWEN E. PAULSON et al., Appellants.

J. T. Sharp for Appellants.

Hardin Barry for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—This is an appeal from an order denying the defendants' motion to set aside a default judgment.

The transcript in this cause, among other things, sets forth a copy of the opinion of the trial court, stating the reasons why the appellants' motion was and should be denied. An examination of the record discloses that everything contained in the opinion of the trial court is amply supported, and that no other conclusion could be reasonably drawn from the facts presented for our consideration. For this reason we have adopted the opinion of the trial court as our own opinion, as follows:

"This cause is before the court upon defendants' motion to vacate and set aside a default judgment herein. The motion is made under the provisions of section 473 of the Code of Civil Procedure upon the ground of inadvertence, surprise and excusable neglect. The matter was sub-

mitted to the court upon the affidavit of merits of Owen E. Paulson, the proposed answer of the defendants, the records and files in the case and oral and documentary evidence.

"The record shows that the action was commenced on June 14, 1928. That the demurrer of the defendants was filed June 22, 1928. Upon stipulation of counsel to that effect, the court, on July 17, 1928, overruled said demurrer and allowed the defendants twenty days to answer. The default of the defendants for failure to appear and answer was entered October 9, 1928. On October 26, 1928, upon evidence submitted by the plaintiff, a judgment against said defendants was entered. Notice of entry of this judgment was served on counsel for defendants October 30, 1928. Execution was issued and levied on property belonging to the defendants on November 30, 1928. The property was sold, and return of sale made by the sheriff December 12, 1928. Defendants' application to open the default was dated January 29, 1929. The affidavit of merits by Owen Paulson was executed January 22, 1929.

"It appears from the oral testimony that a settlement was being negotiated between the parties but was ineffectual. On August 29, 1928, counsel for defendants notified them that he was unable to settle the case except upon certain conditions and that he must have a reply from them by Friday morning, or one of them must be in Susanville at that time.

"It appears that on Friday morning, the time stated, counsel for defendants was in San Francisco, but he left a notice on his door for the defendants to call at the office of Mr. B. V. Curler, an attorney with offices located in the same building as the offices of counsel for the defendants. At that time one of the defendants appeared and met Mr. Curler, and Mr. Curler at that time advised them of Mr. Julian's absence from town, and further advised them that the time had run by to answer, and that Mr. Julian had advised that they settle the case. The defendant left the office of Mr. Curler and shortly thereafter again came to the office of Mr. Julian, at which time Mr. Julian informed them that he was being pressed for an answer and that the time had run by, but that certain figures could be obtained from a Mrs. Hall relative to the basis of the

settlement proposed by Sharp. Neither of the defendants made any further appearance in the matter.

"On October 2, 1928, counsel for defendants wrote a letter to them at Standish, Lassen county, enclosing a statement from Mr. Sharp relative to the credits he allowed them. He further said in the letter that he wanted the defendants to come to Susanville as soon as possible, and that if they were to get out without a judgment against them on the one hand or a'trial on the other hand, it would be necessary to get an answer at once.

"It is claimed by the Paulsons that they did not receive this letter. However, the letter was enclosed in an envelope with Mr. Julian's return marks upon it and it never came back to him. But waiving the question of whether or not they received this letter it appears that they were informed that the time was up for an answer and they failed to make any further appearance. It also appears that according to their own testimony they knew of the entry of this judgment on November 30, 1928, when the execution was levied, but even then they took no action whatever and waited for a period of practically fifty-two or fifty-three days before their affidavit to open the default was made.

"It is true that courts are liberal in opening defaults, but at the same time it has been strictly held that there must be a real showing of merit to entitle a party to have a default set aside. In this case the Paulsons had counsel. They had been informed their time to answer had expired, and even after their own statement of knowledge, they made no effort to have the default set aside until January 23d when the affidavit of merits was made.

"There must be some finality to judgments and they cannot be set aside upon a meritorious showing."

In addition to what is stated by the trial court, we may add that the record discloses that the defendants' counsel was twice advised by the plaintiff's counsel of the intention to take judgment by default. Also that the record shows no real attempt whatever by the appellants to file an answer herein. The argument of appellants' counsel really discloses the whole intent or purpose of the appellants was to secure delay, as upon the hearing of the motion to vacate the judgment by default, it appears that the ap-

pellants, as a part of their case, presented what took place at an interview with their attorney, in which "they were advised by him that the proper thing to do at that time was to file a demurrer; that oftentimes a demurrer would hold a case in court for a year or two"..

While the record shows that there was some attempt made at settlement, it absolutely fails to show that the respondent made any representations whatever which misled the appellants, to their disadvantage.

There being nothing in the record to indicate that the trial court abused its discretion, it follows that the order appealed from should be and the same is hereby affirmed.